DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-406-RLV
(1:09-cr-57-RLV-1)

| | |
|---|---|
| BRYAN KEITH NOEL, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1).

**I.     INITIAL SCREENING**

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f). Furthermore, Petitioner has not signed the petition under penalty of perjury.

**II.    DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action

in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

On March 4, 2010, a jury found Petitioner guilty of bank fraud and other crimes arising out of Petitioner's participation in a fraudulent investment scheme. (Criminal Case No. 1:09-cr-57-RLV-1, Doc. No. 96: Jury Verdict). Judgment was entered on March 1, 2011. (Id., Doc. No. 116: Judgment). Petitioner appealed, and on December 28, 2012, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Noel, 502 Fed. App'x 284 (4th Cir. 2012). Petitioner filed a petition for writ of certiorari, which the Supreme Court denied on October 7, 2013. Noel v. United States, 134 S. Ct. 366 (2013). Petitioner's conviction therefore became final for purposes of Section 2255(f) on October 7, 2013. See United States v. Thomas, 203 F.3d 350 (5th Cir. 2000). Petitioner did not file his Section 2255 motion to vacate, however, until December 21, 2016. It appears, therefore, that Petitioner's motion to vacate is untimely.

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have 20 days from entry of this Order in which to explain to the Court

why the Section 2255 Motion to Vacate should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

2. Petitioner shall also have 20 days from entry of this Order in which to return a copy of the Section 2255 motion to vacate, signed in his own handwriting under penalty of perjury. If Petitioner does not submit such signed motion to vacate within 20 days from entry of this Order, the petition may be dismissed without further notice.

3. The Clerk of Court is instructed to mail to Petitioner a form used in this district for Section 2255 petitions so that Petitioner may re-file his petition on such form if he so wishes.

Signed: January 13, 2017

Richard L. Voorhees
United States District Judge