DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-406-RLV
(1:09-cr-57-RLV-1)

| | |
|---|---|
| BRYAN KEITH NOEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the following pro se motions by Petitioner Bryan Keith Noel, following this Court's dismissal of his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence as untimely: (1) "Combined Motion for Leave to Supplement Habeas Corpus Ad Subjiciendum Seeking to Dismiss Indictment for Outrageous Governmental Misconduct," (Doc. No. 15); (2) "Motion to Strike pages 21, 22, and 24 from Motion for Leave to Supplement Habeas Corpus Ad Subjiciendum Seeking to Dismiss Indictment for Outrageous Governmental Misconduct," (Doc. No. 16); (3) "Ex Parte Motion to Compel Discovery under Brady v. Maryland," (Doc. No. 17); and (4) "Combined Motion and Brief for Reconsideration of February 8th, 2017 Order," (Doc. No. 18).

The Court will deny Petitioner's motions in docket numbers 15, 17, and 18, in which Petitioner either (1) attempts to challenge this Court's dismissal of his petition as untimely or (2) attempts to present the same arguments on the merits that he presented in his original motion to vacate. As this Court found in its prior order of dismissal, Petitioner's petition is time-barred under 28 U.S.C. § 2255(f), Petitioner has not shown actual innocence under McQuiggin v.

Perkins, 133 S. Ct. 1924 (2013), and Petitioner has not shown that equitable tolling should apply to render the petition timely. (Doc. No. 13). Petitioner's "Combined Motion for Leave to Supplement Habeas Corpus Ad Subjiciendum Seeking to Dismiss Indictment for Outrageous Governmental Misconduct," "Ex Parte Motion to Compel Discovery under Brady v. Maryland" and "Combined Motion and Brief for Reconsideration of February 8th, 2017 Order," are all denied for the same reasons that this Court denied the petition as untimely in its Order dated February 8, 2017.

As to Petitioner's Motion to Strike, the motion is granted to the extent that the Court has allowed Petitioner to strike two pages from his February 5, 2017, filing, and to replace them with two other pages.

**IT IS HEREBY ORDERED** that:

(1) Petitioner's "Combined Motion for Leave to Supplement Habeas Corpus Ad Subjiciendum Seeking to Dismiss Indictment for Outrageous Governmental Misconduct," (Doc. No. 15); (2) "Ex Parte Motion," (Doc. No. 17); and (3) "Combined Motion and Brief for Reconsideration of February 8th, 2017 Order," (Doc. No. 18), are **DENIED**.

(2) Petitioner's "Motion to Strike pages 21, 22, and 24 from Motion for Leave to Supplement Habeas Corpus Ad Subjiciendum Seeking to Dismiss Indictment for Outrageous Governmental Misconduct," (Doc. No. 16), is **GRANTED**.

Signed: March 7, 2017

Richard L. Voorhees
United States District Judge